Matter of PIONEER DRILLING COMPANY, INC.

*New Castle, April 1, 1957.*

*William H. Bennethum,* of Morford & Bennethum, Wilmington, for petitioner.

*Hugh M. Morris, Alexander L. Nichols, Andrew B. Kirkpatrick, Jr.,* of Morris, Steel, Nichols & Arsht, Wilmington, *Houston G. Williams* and *W. J. Wehrli,* Casper, Wyo., for Pioneer Drilling Co., Inc.

SEITZ, Chancellor: This is a petition by Ruth C. Tschudin, ("petitioner") individually and as an executrix of her husband's estate, seeking a summary order under 8 *Del.C.* § 224, for the holding of a stockholders' meeting to elect directors. In essence, Pioneer Drilling Company, Inc. ("corporation") claims that petitioner is estopped to request such relief because she intentionally prevented the existence of a quorum of stockholders at the annual meeting by not attending and thus precluded the election of directors.

At the time fixed for determining those qualified to vote at the annual meeting of stockholders called for April 18, 1956, the corporation had outstanding 1,000 shares of voting stock; 500 being in the name of J. E. Burden, 300 in the name of Walter G. Tschudin and 200 in the name of his wife, the petitioner. Walter G. Tschudin had died on March 31, 1956, but letters were not granted to petitioner as his executrix until May 7, 1956. Thus no one was qualified to represent those shares at the meeting called for April 18, 1956.

On the day prior to the meeting date, petitioner's attorney notified the corporation that petitioner would not be present or represented and asked for a month's adjournment. However, the "meeting" was held but since only 500 shares were represented, being less

than a majority, there was no quorum present. The annual meeting therefore was adjourned without any vote for the election of directors.

After the adjournment the petitioner made numerous demands upon the corporation to call a stockholders' meeting for the election of directors. In fact the corporation at one time definitely agreed to call a meeting at a fixed date but subsequently, for the convenience of its own personnel, put off the meeting. Consequently, no annual meeting was called and this action was commenced on February 18, 1957, seeking such a meeting.

Affidavits were filed by the parties and thereafter this matter came on for decision on cross-motions for summary judgment.

The sole substantial basis for the corporation's argument that the petitioner is estopped to seek the relief requested arises from the contention that she deliberately failed to attend the annual meeting in order to prevent an election of directors at that time. Otherwise stated, the corporation contends that the petitioner, knowing that she would not be able to vote the 300 shares in her husband's estate because she had not yet qualified as executrix, abstained from participation in order to prevent a quorum and the consequent election of directors.

Preliminarily, I have serious doubt that the facts in the affidavits which would be admissible at trial warrant the conclusion that petitioner failed to attend the meeting in person or by proxy in order to prevent the presence of a quorum. However, since the matter may be open to some doubt, I do not rest my conclusion on this ground.

First off, I cannot see how the corporation can rely upon estoppel to prevent the holding of an annual meeting. Estoppel suggests that the corporation has been misled to its detriment by petitioner's inaction. The corporation has not suggested and I fail to see what detriment it has suffered by the failure to hold the election at the time originally fixed. Generally speaking, the right of stockholders to insist that an annual election be held is a continuing one.

The corporation would be in a different position were petitioner attacking corporate acts on the basis that they had been performed by

hold-over officials. I should point out that the principal cases relied upon by the corporation are not controlling. Thus, *Commonwealth ex rel. Sheip v. Vandegrift,* 232 *Pa.* 53, 81 *A.* 153, 36 *L.R.A., N.S.* 45, dealt with the breaking of a quorum—not our situation. Moreover, the statement that the stockholders have a legal duty to participate in the annual election is contrary to Delaware law. See *Ringling Bros.-Barnum & Bailey Combined Shows v. Ringling,* 29 *Del.Ch.* 610, 53 *A.2d* 441. The other case of substance cited by the corporation is *In re Keogh, Inc.,* 192 *App.Div.* 624, 183 *N.Y.S.* 408. That case involved the waiver doctrine. It dealt with a failure to vote at a meeting where a valid election actually took place—certainly not our case.

I conclude that the defense of estoppel is not here available to the corporation. This renders it unnecessary to decide whether in any event the doctrine would be applicable to petitioner in her capacity as executrix.

I next consider whether the court should in the exercise of its discretion order an election.

Generally speaking, the motive that the stockholder may have for not attending the meeting or voting his shares is irrelevant. Even if petitioner deliberately failed to attend because she did not want to create a quorum, her reason for abstaining, if relevant, is not of a character which should preclude the relief requested. It appears to be agreed that petitioner was at the time of the meeting the beneficial owner of 500 shares. I can see no fundamental inequity even if she abstained from voting so as to prevent a quorum until such time as she would be in a position to vote the entire 500 shares.

The corporation also suggests that no such meeting should be called because the next annual meeting will be held in a few weeks. Normally, I would be inclined to accord this great weight but under the undisputed facts here I believe petitioner is entitled to relief. I say this because petitioner for many months sought to have an annual meeting called and indeed one was called then put off. These facts militate against penalizing petitioner for the apparent delay. Moreover, it is apparent that the petitioner looks, without impropriety, to

the time when she may seek other relief to break the apparent deadlock which exists and which will probably continue. Furthermore, this action cannot upset the status quo in any event.

I conclude that petitioner's motion for summary judgment should be granted and the corporation's motion should be denied. Petitioner is entitled to an order directing the corporation forthwith to call a stockholders' meeting on the shortest possible legal notice for the purpose of electing directors to serve at least until the next annual election. However, I shall be glad to discuss other mechanics of implementation with counsel.

Present order on notice.